CHARLES D. MAY, ESQ.; STATE BAR NO.: 129663
ANDREA BREUER, ESQ.; STATE BAR NO.: 161819

**THARPE & HOWELL, LLP**
**15250 Ventura Blvd., Ninth Floor**
**Sherman Oaks, California 91403**
**(818) 205-9955; (818) 205-9944 fax**
E-Mail: cmay@tharpe-howell.com
E-Mail: abreuer@tharpe-howell.com

Attorneys for Defendant,
    DOLLAR TREE STORES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY MIZYED,<br><br>            Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC. dba DOLLAR TREE, DOES 1 To 10,<br><br>            Defendants. | Case No.:<br>(*San Mateo Superior Court Case No.: 21-CIV-03665*)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**<br><br>Complaint Filed:  July 8, 2021 |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1332 and §1441(b), Defendant DOLLAR TREE STORES, INC., contemporaneously with the filing of this notice, is effecting the removal of the below referenced action from the Superior Court of the State of California for the County of San Mateo, to the United States District Court, Northern District of California.  The removal is based, specifically, on the following grounds.

**JURISDICTION AND VENUE ARE PROPER**

1.   This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds

1    $75,000, exclusive of interest and costs, as set forth below.  28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446.

## PLEADINGS, PROCESS AND ORDERS

3.    On July 8, 2021, Plaintiff RAY MIZYED ("Plaintiff") commenced the above-entitled civil action in the Superior Court for the County of San Mateo by filing a Complaint therein entitled *Ray Mizyed v. Dollar Tree Stores, Inc. dba Dollar Tree and Does 1 to 10*; Case No. 21-CIV-03665.  True and correct copies of the following documents which were served on Defendant DOLLAR TREE STORES, INC., are attached hereto and incorporated herein by reference collectively as **Exhibit "A"**:

   a.    Summons;
   b.    Complaint;
   c.    [Blank] Case Management Statement form;
   d.    Appropriate Dispute Resolution Information Sheet; and
   e.    Notice of Assignment for All Purposes (Civil) and Notice of Case Management Conference

4.     On July 21, 2021, the Summons, Complaint, [Blank] Case Management Statement, Appropriate Dispute Resolution Information Sheet, and Notice of Assignment for All Purposes (Civil) and Notice of Case Management Conference (**Exhibit "A"**) were personally served on DOLLAR TREE STORES, INC.'s agent for service of process.

5.    On August 5, 2021, DOLLAR TREE STORES, INC., filed its Answer to Complaint and Demand for Jury Trial.  True and correct copies of DOLLAR TREE STORES, INC's Answer to Complaint and Demand for Jury Trial are collectively attached and incorporated by reference as **Exhibit "B."**

///
///

# DIVERSITY

## A. Citizenship

6. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. This action is one that may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441(b), as the action is between citizens of different states.

7. Plaintiff was, at the time of the filing of this action, and presently remains, a resident and citizen of the State of California.

8. Defendant DOLLAR TREE STORES, INC., is a corporation. For diversity purposes, a corporation is deemed to be a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the State of Virginia, with its principal place of business in Virginia. Accordingly, Defendant is a citizen of the state of Virginia.

9. Therefore, complete diversity of citizenship exists as between Plaintiff RAY MIZYED and Defendant DOLLAR TREE STORES, INC.

## C. Fictitious Does

10. Defendants DOES 1 to 10, inclusive, are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants. In determining whether a civil action is removable on the basis of jurisdiction under section 1332(a), the citizenship of defendants sued under fictitious names shall be disregarded. 28 U.S.C §. 1441(b)(1); *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998). Accordingly, the mere fact that the Complaint makes reference to fictitious defendants does not destroy diversity jurisdiction and does not preclude this action from being properly removed to this Court.

///

///

## AMOUNT IN CONTROVERSY

11.     Plaintiff's Complaint sets forth a cause of action for Premises Liability sounding in negligence.  *See*, **Exhibit "A."**  Plaintiff alleges that on July 18, 2019, he was a patron at defendant's store and while walking in the cleaning/home essentials aisle towards the restroom, plaintiff slipped and fell on a "clear liquid soap like substance" causing injuries. Although Plaintiff was prohibited from stating a specific amount demanded in his Complaint, Defendant has been able to ascertain through the Complaint and "other paper" that the amount in controversy exceeds $75,000.00.[1]

12.     Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a "preponderance of the evidence" facts that support an inference that the amount in controversy exceeds the statutory minimum.  *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1996); *see, McPhail v. Deere and Company*, 529 F.3d 947, 955 (10th Cir. 2008) ("It is only the jurisdictional facts that must be proven by a preponderance – not the legal conclusion that the statutory threshold amount is in controversy.").  This standard is not a "daunting" one, as courts recognize that unlike the "legal certainty test" applicable where the complaint does allege a specific amount in damages, the removing defendant is not obligated to "research, state, and prove the plaintiff's claim for damages."  *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994); *see also, Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008).

13.     A defendant must merely set forth the underlying facts supporting an inference that the amount in controversy exceeds the statutory minimum. A defendant must establish jurisdiction by proving jurisdictional facts, i.e., proof of what the plaintiff is seeking to recover.  *McPhail*, 529 F.3d at 954-55.  "Once the facts have been established, uncertainty about whether the plaintiff can prove [h]is substantive claim, and whether damages (if the plaintiff prevails on the merits) will exceed the

---

[1] California Law prohibits personal injury plaintiffs from stating a specific amount of damages sought in the complaint.  *See, Cal. Code Civ. Proc.* § 425.10.

threshold, does not justify dismissal." *Meridian Secs. Ins. Co. v. Sadowski*, 441 F.3d 540, 543 (7th Cir. 2006); *see also*, *McPhail*, 529 F.3d at 954 (once underlying jurisdictional facts are proven, "a defendant (like a plaintiff) is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake").

14. On August 19, 2021, Plaintiff served Defendant with a Statement of Damages under California *Code of Civil Procedure* § 452.11. The Statement of Damages establishes that the amount in controversy in this litigation exceeds the $75,000 statutory minimum. A true and correct copy of Plaintiff's Statement of Damages is attached hereto as **Exhibit "C."**

15. Plaintiff's Statement of Damages alleges that he is seeking in excess of $75,548.44 in past and future medical expenses, and general damages. *Ibid*. Thus, the amount in controversy exceeds the $75,000 statutory minimum and federal jurisdiction is proper.

16. 28 USC § 1446(b)(3) provides that, where the case stated by the initial pleading is not removable, a notice of removal can be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of an amended pleading, motion, order "or other paper" from which it may first be ascertained that the case is one which is or has become removable. A statement of damages under California Code of Civil Procedure section 425.11, is a written statement setting forth the nature and amount of damages being sought, and constitutes "other paper" under section 1446(b)(3). See *Hanson v. Equilon Enterprises LLC* (N.D.Cal. 2014) 2014 U.S. Dist. LEXIS 110795, *9 (finding statement of damages served on defendant by plaintiff constituted "other paper").

17. The test for whether the amount in controversy is satisfied is whether there is a "reasonable probability" that the claim exceeds $75,000. *Scherer v. The Equitable Life Assurance Society of the U.S.,* 347 F.3d 394, 397 (2d. Cir. 2003). The Ninth Circuit has adopted the "either-viewpoint rule," meaning that the amount in controversy requirement is satisfied if (1) Plaintiff seeks to recover more than

- 5 -
**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

$75,000.00 <u>or</u> (2) the recovery Plaintiff seeks will cost the defendant more than the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996).

18. Plaintiff's Statement of Damages constitutes "other paper" and satisfies the amount in controversy requirement. Therefore, federal jurisdiction is proper.

## TIMELINESS OF REMOVAL

19. This Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by Defendant of Plaintiff's Statement of Damages on August 19, 2021, which first indicated that the amount in controversy exceeds $75,000 and the matter is removable. 28 U.S.C. § 1446(b)(3).

20. Further, the instant removal is made within one year of the filing of the Complaint. As noted above, Plaintiff filed his Complaint on July 8, 2021.

21. For the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Dated: September 2, 2021                                 THARPE & HOWELL, LLP

By: _____
CHARLES D. MAY
ANDREA BREUER
Attorneys for Defendant,
DOLLAR TREE STORES, INC.

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

1. At the time of service, I was at least 18 years of age and **not a party to this legal action.**

2. My business address is 15250 Ventura Boulevard, Ninth Floor, Sherman Oaks, CA 91403.

3. I served copies of the following documents (specify the exact title of each document served):

   **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**

4. I served the documents listed above in item 3 on the following persons at the addresses listed:

| Leonard S. Becker, Esq.<br>The Law Offices of Leonard S. Becker<br>1728 B Street<br>Hayward, CA  94541<br>Tel: 510-886-1996<br>Fax: 510-538-8089<br>Email: lbecker@lsbeckerlaw.com | Attorneys for Plaintiff, RAY MIZYED |
|---|---|

5. a. **X**   **ONLY BY ELECTRONIC TRANSMISSION.** Only by e-mailing the document(s) to the persons at the e-mail address(es) listed during the Coronavirus (Covid-19) pandemic and pursuant to Fed.R.Civ.P.Rule 5., this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mails. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

6. I served the documents by the means described in item 5 on *(date): See below*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

| 9/2/2021 | Belinda A. Porras | *Belinda A. Porras* |
|---|---|---|
| DATE | (TYPE OR PRINT NAME) | (SIGNATURE OF DECLARANT) |

I:\32000-000\32231\Pleadings\FEDERAL\Notice of Removal.docx

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1332 & §1441(B) (DIVERSITY)**